IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAIAS RODRIGUEZ, | : | |
|     Petitioner | : | |
| | : | No.  1:23-cv-00352 |
| v. | : | |
| | : | (Judge Rambo) |
| HERMAN QUAY, | : | |
|     Respondent | : | |

### MEMORANDUM

Pending before the Court is pro se Petitioner Isaias Rodriguez ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241").  For the reasons set forth below, the petition will be dismissed without prejudice as moot.

I.     **BACKGROUND**

Petitioner is currently serving a twenty-eight (28) month sentence imposed by the United States District Court for the District of New Jersey for food stamp fraud and a statutory release violation.  (Doc. No. 8-1 at 3, ¶ 3.)  He was committed to the custody of the Federal Bureau of Prisons ("BOP") on September 1, 2022.  (Id. at 7.)

On February 28, 2023, while Petitioner was incarcerated at Federal Correctional Institution Allenwood in White Deer, Pennsylvania, he commenced the above-captioned action by filing a Section 2241 petition (Doc. No. 1) and supporting memorandum of law.  (Doc. No. 2.)  In his petition and memorandum of law, he challenges the BOP's computation of his current federal sentence and contends that

the BOP has not applied earned time credits to his sentence, as required under the First Step Act. (Doc. No. 1 at 9; Doc. No. 2 at 4-7.) As for relief, Petitioner requests that the Court order the BOP to apply his earned time credits towards his sentence. (Doc. No. 1 at 9; Doc. No. 2 at 7.)

On April 25, 2023, the Court, inter alia, deemed the petition filed and directed service of the petition on Respondent. (Doc. No. 6.) On May 11, 2023, Respondent filed a response, arguing that the Court should dismiss the petition as moot because the BOP has, since the filing of the instant Section 2241 petition, provided Petitioner with the relief that he seeks herein—i.e., application of his earned time credits. (Doc. No. 8.) As reflected by the Court's docket, Petitioner has not filed a reply to the Respondent's response, and the time period for doing so has passed. Thus, the petition is ripe for the Court's resolution.

## II. DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" See

2

id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)); United States v. Juv. Male, 564 U.S. 932, 936 (2011) (setting forth this same principle).

Here, Petitioner seeks an award of earned time credits under the First Step Act. (Doc. Nos. 1, 2.) Pursuant to that Act, earned time credits can be applied towards earlier placement in prerelease custody (such as residential reentry centers and home confinement) or towards a term of supervised release. See 18 U.S.C. § 3632(d)(4)(C) (stating that "[t]he Director of the [BOP] shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release"); see also 18 U.S.C. § 3624(g)(2) (pertaining to prerelease custody); 18 U.S.C. § 3624(g)(3) (pertaining to supervised release).

The record demonstrates that, on March 25, 2023, after the instant Section 2241 petition was filed, the BOP conducted a First Step Act Time Credit Assessment and credited Petitioner with seventy-five (75) days towards early release. (Doc. No. 8-1 at 4, ¶ 6; id. at 11-12.) As a result, Petitioner's projected release date has been changed from February 7, 2024, to November 24, 2023. (Id. at 4, ¶ 6.) Petitioner, however, has not filed a reply or otherwise challenged the BOP's First Step Act Time Credit Assessment. Moreover, the Court has reviewed the BOP's inmate locator, which shows that Petitioner's projected release date has since been changed to

3

November 9, 2023.[1]  In other words, Petitioner has continued to accrue credit that the BOP factored into his release date.  See (id.).

Thus, because Petitioner has received earned time credits under the First Step Act, he no longer has a concrete, redressable injury, and this Court lacks an opportunity to provide him with any meaningful relief in this habeas action.  As a result, his petition is moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (stating that "[i]f developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot").

## III.  CONCLUSION

Accordingly, for the foregoing reasons, Petitioner's Section 2241 petition will be dismissed without prejudice as moot.  An appropriate Order follows.

Dated: June 7, 2023                                         s/ Sylvia H. Rambo
                                                            SYLVIA H. RAMBO
                                                            United States District Judge

---

[1] The BOP's inmate locator, which is available at https://www.bop.gov/inmateloc/, shows that Petitioner, with a "Register Number" of "20471-050," has a "Release Date" of "11/09/2023."  See id.